[Civ. No. 6238. Third Appellate District.—February 16, 1940.]

TIMOTHY LENIHAN, Respondent, v. M. BAGGIANI, Appellant.

J. Oscar Goldstein and Burton J. Goldstein for Appellant.

Grayson Price for Respondent.

TUTTLE, J.—This action was brought to recover the sum of $900 as rental for real property; $24 paid for electricity furnished defendant; and $36 alleged to be due for pasturage furnished. Defendant, by cross-complaint, sought to recover the sum of $1538.28 for improvements made upon the leased premises. Findings were made in favor of plaintiff upon all issues raised by the complaint, except that the claim for pasturage was disallowed. Upon the issues raised by the cross-complaint, all were decided adversely to defendant with the exception that defendant was allowed a credit of $60 for stock sold by plaintiff. Judgment was rendered in favor of plaintiff in the sum of $916.25, and defendant appeals therefrom.

Appellant does not question the finding as to the amount due under the allegations of the complaint, but claims that the trial court erred in refusing to allow him credit for improvements as set forth in the third count of the cross-complaint. The finding under attack here is as follows:

"That except as in this paragraph expressly found to be true, each and every allegation contained in the third alleged cause of action and cross-complaint is untrue. That it is true that plaintiff and defendant entered into a verbal lease

agreement which thereafter was to be reduced to a written lease, wherein and whereby the defendant rented certain peach and prune orchards of plaintiff on the property described in plaintiff's complaint, and the rental of the same was to be $900 for each year, payable before any of the crops were removed from said premises, the plaintiff to pay all taxes and assessments against the land, and defendant to have the privilege of making improvements on said premises with the consent of plaintiff and lessor. That defendant was authorized and permitted by plaintiff to construct and build a four-room dwelling upon said premises which was to be used by him. That defendant did expend the sum of $1050.00 in such construction. That it is true that defendant expended the sum of $368.41 in the grafting of walnut trees and replacing of new prune trees for old ones. That it is true that the defendant expended the sum of $119.87 in the construction of sulphur houses, sheds, and repair to fences and contouring orchard property. That the total expenditure made by defendant on said property was $1538.28. The court further finds that the rental charged previous years by plaintiff for said property was reduced to compensate for the improvements to be made thereon by defendant. The court further finds that the construction of the house on said premises was for the sole use and benefit of defendant. That said expenditures and improvements created no obligation on defendant.''

Other findings to the effect that plaintiff did not repudiate the lease or eject defendant from the premises or refuse to sign a written lease are also claimed to have no support in the evidence.

The undisputed testimony shows that in January, 1936, plaintiff orally leased a sixty-acre fruit orchard to defendant, with the understanding that such agreement be later reduced to writing, but this was never done. There was one dwelling upon the premises, where plaintiff retained his residence. Defendant entered into possession, and proceeded to erect an addition to the dwelling at his own expense and for his own use as a place to live. The testimony in relation to the agreement covering the erection of these improvements is conflicting. Under the familiar rule that we must accept any evidence supporting, or tending to support the findings as true, it appears that plaintiff testified that defendant erected the addition to the dwelling, as the

court found, "to accommodate himself". "He done it for his own benefit. He was renting a house other places and paying thirty dollars for rent." The finding "that the construction of the house on said premises was for the sole use and benefit of defendant; that said expenditures and improvements created no obligation on defendant", appears to be supported by the record.

In the latter part of September, 1937, and about the time the complaint herein was filed, defendant left the premises, and according to the testimony of plaintiff, he did not return until a month prior to the trial, when he brought with him a second-hand man to whom he sold some furniture. Plaintiff testified that he never did anything to prevent defendant from returning to the premises; that he never told defendant that he could not come back; that no written lease was ever presented to him for execution by defendant, and that all he wanted was his rent.

The precise contention of appellant is set forth as follows:

"Where a lessee is in possession of property under an oral five year lease with an agreement by the parties to execute a written lease for said period, and lessee, in reliance upon said lease agreement, makes improvements on said property, he may recover the reasonable value of the improvements made by him on said property where the lessor refuses to execute a written lease as agreed upon between the parties and orders the lessee off the premises within two years after the making of said oral lease."

Appellant relies upon the case of *Blank* v. *Rodgers*, 82 Cal. App. 35 [255 Pac. 235], where the facts are somewhat similar. In that case, however, the undisputed facts showed that the lessor had *repudiated* the oral agreement by serving a notice to quit the premises. The rule laid down in 27 C. J., at page 364, states that a recovery can be had under such circumstances, where the agreement is subsequently *repudiated* by the owner. The trial court here found in effect, that there was no *repudiation* of the lease by the lessor, and there is substantial evidence to sustain that finding. It is nowhere urged by appellant that the mere filing of an action to recover rent constitutes a repudiation of the lease. Such an action is distinguishable from an action for breach of the contract by a lessee. (36 C. J., p. 398, sec. 1313.) There may be some

other remedy available to appellant, but he is foreclosed here by findings which have substantial evidentiary support. This applies not only to the terms of the oral lease, but also to the subsequent acts and conduct of the parties.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.